IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TYRONE YOUNGER,<br><br>Plaintiff,<br><br>v.<br><br>OAKBORO POLICE DEPARTMENT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>1:26cv882 |

**MEMORANDUM ORDER**

This civil rights case is before the court on a motion to dismiss by Defendant Oakboro Police Department pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6). (Doc. 8.) Plaintiff Tyrone Younger, who proceeds pro se, alleges violations of his rights under the Second, Fourth, and Fourteenth Amendments to the United States Constitution, along with a state-law malicious prosecution claim. (Doc. 5.) For the following reasons, the motion to dismiss will be granted.

## I. BACKGROUND

The facts are based on the well-pleaded allegations of the complaint, which are accepted as true for purposes of this motion and are viewed in the light most favorable to Younger as the non-moving party.

Younger is a "100% permanently disabled veteran." (Doc. 5 at 1.) On March 31, 2023, Oakboro police officers stopped Younger's vehicle. (Id. ¶ 1.) The officers "attempted to justify the

seizure by alleging [Younger] matched a suspect description from a disturbance at a local Dunkin' Donuts." (Id.) However, Younger was driving a white Buick Enclave, while the suspect vehicle was a "dark-colored, 2-door vehicle." (Id.)

Upon approaching the vehicle, Oakboro Police Officer Porras "immediately drew his service weapon." (Id. ¶ 2.) Younger told the officers that he possessed a concealed handgun permit issued in Virginia. (Id.) Porras "erroneously asserted that the permit was 'not valid in North Carolina' and falsely labeled [Younger] a 'felon.'" (Id.) The officers did not verify whether Younger was a felon before "forcefully removing him from the vehicle and placing him under arrest for Possession of a Firearm by a Convicted Felon." (Id.)

On September 29, 2025, the "Stanly County Court ruled that [Younger] was not a felon and dismissed all charges" against him. (Id. ¶ 3.) Younger alleges that the "charges lacked probable cause and [were] maintained with malice, as evidenced by the officers' failure to verify easily accessible records." (Id.) Further, multiple officers "failed to activate or submit body-worn camera . . . footage of the driver-side approach and the use of force." (Id. ¶ 4.)

Younger brought this action in North Carolina state court on March 31, 2026, alleging (1) illegal seizure in violation of his rights under the Fourth Amendment to the United States

Constitution; (2) unreasonable search in violation of his rights under the Fourth Amendment to the United States Constitution; (3) malicious prosecution; and (4) a claim under 42 U.S.C. § 1983 for violations of his Second, Fourth, and Fourteenth Amendment rights. (Doc. 1-2 at 2.) Oakboro timely removed this action to federal court. (See Doc. 1.)

Oakboro moved to dismiss the complaint on September 3, 2026. (Doc. 8.) The motion to dismiss was filed electronically and delivered via U.S. Mail to Younger. (Id. at 3.) Younger also received a Roseboro letter[1] from the clerk of court warning that failure to respond to Oakboro's motion within 21 days "may cause the court to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter." (Doc. 10 at 1.) Younger has not filed any response.

## II. ANALYSIS

### A. Legal Standards

Younger proceeds pro se. Thus, his complaint is "not . . . scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). But the liberal construction of a pro se litigant's filing does not require the court to ignore clear defects in it, Bustos v. Chamberlain, No. 09-1760, 2009 WL 2782238,

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

at *2 (D.S.C. Aug. 27, 2009), or to become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers"). Moreover, pro se parties are expected to comply with applicable procedural rules. See Chrisp v. Univ. of N.C.-Chapel Hill, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020) (requiring pro se plaintiff to comply with the Federal Rules of Civil Procedure).

Oakboro moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6). (Doc. 8.) "Federal Rule of Civil Procedure 12(b)(2) 'provides for dismissal where the court lacks personal jurisdiction over a particular named defendant.'" Protocol, LLC v. Henderson, 18 F. Supp. 3d 689, 694 (M.D.N.C. 2014), as amended (May 15, 2014) (quoting Fields v. Trollinger, No. 1:10cv296, 2011 WL 3422689, at *4 (W.D.N.C. Mar. 28, 2011)). When a defendant raises a challenge to the court's personal jurisdiction through a Rule 12(b)(2) motion, "the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

As for Rule 12(b)(5), "a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery." Graham v. Anderson, No. 5:23-CV-30-D, 2023 WL 3910250, at *3 (E.D.N.C. June

8, 2023) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)). The plaintiff bears the burden of establishing proper service of process. See id.

As for Rule 12(b)(6), Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Here, Younger has failed to respond to Defendants' motion to dismiss the complaint. Under the court's Local Rule 7.3(k), "[t]he failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." Where there is such a failure, the rule provides further that "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

Id. Nevertheless, Rule 12(b)(6) does not provide default relief for a failure to respond to a motion to dismiss. Guzman v. Acuarius Night Club LLC, 167 F.4th 217, 221 (4th Cir. 2026). Because even an unopposed dispositive motion must be supported by the record, the court must be satisfied that the motion is warranted. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court 'must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" (emphasis removed) (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993))); accord Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005) ("As with summary judgment motions, a court does not grant a motion for dismissal merely because it is uncontested. Rather, a district court should review a motion to dismiss on its merits to determine whether the pleadings are sufficient.").

### B. Whether the Court Has Jurisdiction Over Oakboro Police Department

Oakboro Police Department contends that the court "lacks personal jurisdiction over the Oakboro Police Department because it is not an entity capable of being sued." (Doc. 9 at 4.) It argues that since the Oakboro Police Department is not capable of being sued, "it is not possible for [Younger] to properly serve it

with process [in order] for this [c]ourt to exercise personal jurisdiction over it." (Id. at 5.)

"The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. Burke Cnty., 660 F.2d 111, 113–14 (4th Cir. 1981) (citations omitted). In North Carolina, police departments are a "component part[]" of the municipality, "and as such lack the capacity to be sued." Jones v. City of Greensboro, 277 S.E.2d 562, 576 (N.C. Ct. App. 1981), overruled on other grounds by Fowler v. Valencourt, 435 S.E.2d 530 (N.C. 1993); see also Joe v. Winston-Salem Police Dep't, No. 1:15CV668, 2016 WL 6426381, at *1 (M.D.N.C. Oct. 28, 2016); Elabanjo v. Bellevance, No. 1:11CV349, 2012 WL 4327090, at *4 (M.D.N.C. Sept. 18, 2012), report and recommendation adopted, No. 1:11CV349, 2012 WL 5864004 (M.D.N.C. Nov. 19, 2012).

Because the Oakboro Police Department "lacks capacity to be sued, [the] court is without jurisdiction over" it. Wilson v. McDaniel, No. C-89-815-WS, 1991 WL 32247, at *2 (M.D.N.C. Jan. 14, 1991), aff'd, 935 F.2d 1289 (4th Cir. 1991). As a result, the claims against Oakboro shall be dismissed. See Elabanjo, 2012 WL 4327090, at *4; Joe, 2016 WL 6426381, at *1. However, because the court lacks jurisdiction over Oakboro Police Department, the dismissal will be without prejudice to Younger bringing his claims against proper defendants. See Intera Corp. v. Henderson, 428

F.3d 605, 621 (6th Cir. 2005) ("[U]pon a determination that personal jurisdiction is lacking, a court should not dismiss a case on the merits."); S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."); cf. CP #1109, LLC v. Cont'l Motors, Inc., 741 F. App'x 946, 947 (4th Cir. 2018) (per curiam) (modifying district court's dismissal for lack of personal jurisdiction to be without prejudice).

## III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Oakboro's motion to dismiss (Doc. 8) is GRANTED and the complaint (Doc. 5) is DISMISSED WITHOUT PREJUDICE.

/s/ Thomas D. Schroeder
United States District Judge

November 23, 2026